IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **FREEWOOD GROUP, LLC,** | § | |
| | § | |
| Appellant, | § | |
| | § | |
| v. | § | Civil Action No. **3:17-CV-2435-L** |
| | § | |
| **PARK PLACE MOTORCARS, LTD.,** | § | |
| | § | |
| Appellee. | § | |

## MEMORANDUM OPINION AND ORDER

Appellant Freewood Group, LLC ("Freewood or "Appellant") appeals the bankruptcy court's August 13, 2017 order granting Appellee Park Place Motorcars, Ltd.'s ("Park Place" or "Appellee") Motion for Attorney's Fees. Also before the court is the Motion for Extension of Time to File Amended Notice of Appeal (Doc. 2), filed September 18, 2017; the Motion for Extension of Time to File Appellant's Brief (Doc. 5), filed October 30, 2017; and Park Place's Objection to Freewood's Request for Extension of Time to File Brief and Motion to Dismiss Appeal (Doc. 9), filed November 13, 2017.

After careful consideration of the parties' appellate briefs, motions, the record, and applicable law, the court **grants** Appellant's Motion for Extension of Time to File Appellant's Brief (Doc. 5) such that its brief filed November 3, 2017 (Doc. 7) is deemed timely filed; **overrules as moot** Park Place's Objection to Freewood's Request for Extension of Time to File Brief and **denies as moot** Park Place's Motion to Dismiss Appeal (Doc. 9); **denies** Appellant's Motion for Extension of Time to File Amended Notice of Appeal (Doc. 2); **affirms** the bankruptcy court's August 13,

2017 Order Granting Park Place's Motion for Attorney's Fees;[1] and **dismisses with prejudice** this appeal.

## I.        Factual and Procedural Background

Debtor Freewood Group, LLC ("Freewood") brought this action to appeal the bankruptcy court's August 13, 2017 order ("Attorney's Fees Order") granting Park Place's Motion for Attorney's Fees and awarding Park Place $33,245.25 for attorney's fees incurred by it in connection with the underlying bankruptcy case and adversary action. The attorney's fees were awarded as a sanction against Freewood, Greg Duncan ("Duncan"), and McGray Group, LLC ("McGray") (collectively, "Duncan Defendants") as a result of Duncan's bad faith conduct in initiating a Chapter 7 bankruptcy proceeding on behalf of Freewood on February 16, 2017, and removing to federal court state court litigation brought against the Duncan Defendants by Park Place in the 116th Judicial District Court, Dallas County, Texas. On the same date, Park Place initiated an adversary proceeding against Freewood. On March 7, 2017, the bankruptcy case was dismissed for Freewood's failure to file within fourteen days of the filing of the bankruptcy petition the required documentation, including a list of creditors and assets, bankruptcy schedules, and a financial statement.

On March 20, 2017, Freewood filed a motion to reinstate the bankruptcy case but withdrew the motion ten days later. On April 3, 2017, Park Place moved to vacate the dismissal order or, alternatively, to amend the dismissal order to impose sanctions against the Duncan Defendants for the bad faith filing of the bankruptcy action. Park Place argued that, because Duncan controlled both Freewood and McGray, monetary and injunctive sanctions should be imposed against all of the Duncan Defendants to deter and prevent them from filing another bankruptcy case that would further

---

[1] The Order was signed August 13, 2017, but was not entered until August 14, 2017. *See* App. 5.

delay the state court litigation. Park Place requested monetary sanctions in the form of attorney's fees and costs incurred by it as a result of the bankruptcy case and adversary action.

On May 1, 2017, a hearing in the bankruptcy case was held on Park Place's motion for sanctions.[2] At the hearing, Park Place argued that Duncan's conduct in filing the bankruptcy case, removing the state court action, failing to file required bankruptcy documentation, and seeking to reinstate the bankruptcy case after dismissal, only to withdraw the motion to reinstate ten days later, demonstrated that Duncan never intended to prosecute the bankruptcy case, which he filed in bad faith to derail a February 16, 2017 sanctions hearing against him in the state court case, delay the jury trial in that case, and avoid testifying in the civil or bankruptcy actions before being sentenced by United States Chief District Judge Barbara M.G. Lynn in *United States v. Duncan*, 3:15-CR-00484-M.

Duncan and Freewood, who were represented by the same counsel, attended the hearing but declined to testify or put on a defense to Park Place's motion for sanctions or refute the matters raised in the hearing by Park Place, even though the bankruptcy court indicated that it was "leaning towards" granting the relief sought by Park Place if its contentions and evidence were not refuted. App. 156. Specifically, the bankruptcy court indicated that it was inclined to reinstate the bankruptcy case or enter an amended order dismissing the Freewood bankruptcy case with prejudice to it refiling a bankruptcy for one year to prevent it from "rush[ing] in again on the eve of trial"; barring Duncan and McGray from filing for bankruptcy for one year; remanding the state court action with instructions that no party can remove it again; and shifting the payment of Park Place's attorney's

---

[2] During the same hearing, the bankruptcy court also held a status conference in the related adversary proceeding.

fees to the Duncan Defendants as a sanction if it determined that Duncan or the Duncan Defendants had acted in bad faith. *Id.* at 156-59. The bankruptcy court clarified that no specific amount of attorney's fees or costs would be included in the order entered by the court on Park Place's motion for sanctions because, as of that time, Park Place had not submitted or put on evidence of its attorney's fees. The bankruptcy court indicated that it would retain jurisdiction to address the issue regarding the specific amount of attorney's fees sought by Park Place and directed Park Place to file a proposed order reflecting the bankruptcy court's ruling on its motion for sanctions and a motion for attorney's fees with "[n]egative notice," that is, pursuant to the bankruptcy court's negative notice procedure. *Id.* at 159; *see also* L.B.R. 9007-1 (negative notice procedure). This way, the bankruptcy court explained, if any of the Duncan Defendants wanted to file objections to the request for attorney's fees, they would have 21 days to do so; if objections were filed, a hearing would be held on the motion and objections. App. 159. On the other hand, the bankruptcy court explained that, if no objections were filed, no hearing would be held and Park Place was to submit a proposed order on its motion for the bankruptcy court's consideration. *Id.*

As instructed, Park Place filed its Motion for Attorney's Fees with "negative notice," pursuant to Local Bankruptcy Rule 9007-1, requesting $33,245.25 in attorney's fees against the Duncan Defendants, jointly and severally, as a sanction for the bad faith removal of the state court action and the filing of Freewood's bankruptcy case. In support of the motion, Park Place submitted a declaration and heavily redacted billing records. App. 90-113. No response to the motion or objections to the relief sought by Park Place were filed by Freewood, Duncan, or McGray. On August 13, 2017, the bankruptcy court entered an order, without conducting a hearing, granting Park Place's Motion for Attorney's Fees as a sanction against the Duncan Defendants and awarding Park

Place $33,245.25 for attorney's fees it had incurred as a result of Freewood's bankruptcy case and the related adversary action. App. 5-6.

Only Freewood appealed the Attorney's Fees Order, raising the following issue: whether the "bankruptcy court abuse[d] its discretion in awarding attorney's fees of $33,245.25 without reviewing [Park Place's] Declaration of Attorneys' Fees pursuant to the lodestar calculation[.]" Freewood Br. 5. On September 18, 2017, Freewood filed a Motion for Extension of Time to File Amended Notice of Appeal (Doc. 2) to add Duncan and McGray as appellants to the appeal. The motion was opposed by Park Place. On October 30, 2017, Freewood also moved for an extension to file its appellate brief. Park Place objected to the requested extension and moved to dismiss this appeal by Freewood as frivolous.

## II.    Standard of Review

In a bankruptcy appeal, the district court generally reviews a bankruptcy court's findings of fact for clear error and its conclusions of law de novo. *In re Dennis*, 330 F.3d 696, 701 (5th Cir. 2003) (citation omitted). A bankruptcy court's findings of fact are "clearly erroneous" only if, "on the entire evidence, the court is left with the definite and firm conviction that a mistake has been committed." *In re Duncan*, 562 F.3d 688, 694 (5th Cir. 2009) (quoting *In re Dennis*, 330 F.3d at 701)). Deference is given to the bankruptcy court's determinations regarding witness credibility. *Id.* at 694 (citation omitted).

## III.    Analysis

### A.    Freewood's Request for an Extension to File an Amended Notice of Appeal to Add Duncan and McGray as Appellants (Doc. 2)

In its Motion for an Extension to File an Amended Notice of Appeal ("Motion to Amend"), Freewood seeks leave to file an amended notice of appeal to add Duncan and McGray as appellants

pursuant to Rule 8002(b)(3) and (b)(4) of the Federal Rules of Bankruptcy Procedure, which, according to Freewood, contemplates the filing of amended notices of appeal. Freewood contends that its request to amend its notice of appeal to add Duncan and McGray as appellants should be granted because: (1) Park Place was aware that Duncan and McGray intended to appeal the Attorney's Fees Order; (2) the proposed amendment would simply add two parties to the already existing appeal without delaying the appeal; (3) Park Place may proceed to collect the attorney's fees awarded as a sanction by the bankruptcy court while this appeal is pending; and (4) Freewood has "paid for a transcript of the hearing and . . . timely designated the transcript as part of the appellate record." Freewood Mot. to Amend 3 (citing *Lackey v. Atlantic Richfield Co.*, 900 F.2d 202, 206 (5th Cir. 1993); and *United States v. Ramirez*, 932 F.2d 374, 376 (5th Cir. 1991)).

Freewood contends that it timely appealed the bankruptcy court's order on attorney's fees, and its September 18, 2017 Motion to Amend was also filed timely under Bankruptcy Rule 8002(d) because, "[t]wenty-one days after the due date for filing [a] notice of appeal, August 28, 2017, falls on September 18, 2017. Therefore, a motion to extend filed on or before [September 18, 2017] is timely." Freewood Mot. for Extension 3 & n.2. Freewood contends that, since its motion was filed "before the deadline for filing a motion to extend time for filing a notice of appeal under Bankruptcy Rule 8002(d)(1)," it need not show excusable neglect because, while "Rule 8002(d)(1)(B) requires excusable neglect if an extension motion is filed after the original deadline," its motion is "not a motion for extension for an original notice of appeal but an extension of time to file an amended notice of appeal." Freewood Mot. to Amend 4. n.3. Freewood asserts that the Fifth Circuit in *Lackey* concluded that the appellant in that case was not required to establish excusable neglect to amend its notice of appeal to add a party, and its requested extension to amend its notice of appeal under

Rule 8002(d)(B) should be treated the same. Freewood maintains that the Fifth Circuit's opinion in *Ramirez* lends further support to its argument that excusable neglect is not required, as motions to amend an existing notice of appeal are not treated like motions for extensions to file a notice of appeal. Freewood Mot. to Amend 4, n.3. ("The appellant in *Ramirez* filed a motion to amend the notice of appeal without filing for an extension; the Fifth Circuit granted the motion without indicating that an extension motion would be necessary.").

Park Place opposes Freewood's request to amend its notice of appeal to add Duncan and McGray as appellants, contending that: (1) any motion for extension under Bankruptcy Rule 8002(d) should have been filed with the bankruptcy court; (2) neither Freewood nor its attorney has authority to seek relief on behalf of Duncan or McGray, as Freewood's attorney has only appeared as counsel of record in this case for Freewood; (3) assuming Freewood can seek relief on behalf of Duncan and McGray under Bankruptcy Rule 8002(d), it must but has not shown excusable neglect, and Duncan and McGray cannot establish excusable neglect for failing to file timely a notice of appeal under the standard set forth in *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993). Park Place asserts that the cases relied on by Freewood, *Ramirez* and *Lackey*, do not support its contention that excusable neglect is not required for Duncan's and McGray's failure to file timely a notice of appeal under Bankruptcy Rule 8002, as long as it couches its motion and requested extension as one to amend its own notice of appeal. Park Place asserts that, because Duncan and McGray did not appeal timely the bankruptcy court's Attorney's Fees Order, and neither they nor Freewood has shown excusable neglect for the failure to do so, this case is similar to *Midwest Employers Casualty Co.*, 161 F.3d 877, 880 (5th Cir. 1998). Regarding *Pioneer*'s excusable neglect factors, Park Place further asserts that it will be:

prejudiced in having to defend the underlying order on appeal not only as to one appellant, the bankruptcy debtor, but now as to three appellants who are jointly and severally liable, but not similarly-situated. The parties have already designated the record on appeal and appellant has already identified the issues on appeal. Adding the McGray Group and Duncan not only potentially re-treads these steps, but could also potentially affect proceedings in the Bankruptcy Court between the parties, including a pending motion for civil contempt related to the sanctions order. As in Midwest Employers Casualty, the McGray Group and Duncan here cannot and do not offer any good reason for watching the deadline for filing a notice of appeal expire without action. The parties were clearly on notice of the deadlines, the action being taken by Freewood, and Park Place's expectation of being paid pursuant to the sanctions order. The circumstances here, like the circumstances that led to the underlying sanctions order, do not bespeak good faith but rather, gamesmanship and delay by Duncan and his affiliates, who ha[ve] contrived every possible scheme [to] avoid[] [Duncan] receiving his due in a court of law.

Park Place Resp. 7 (Doc. 4). Park Place, therefore, requests that the court either strike or deny Freewood's request to amend its notice of appeal to add Duncan and McGray as parties to this bankruptcy appeal.

The bankruptcy rule relied on by Freewood, Rule 8002(d)(1), provides, "[T]he *bankruptcy court* may extend the time to file a notice of appeal upon a party's motion that is filed: (A) within the time prescribed by this rule; or (B) within 21 days after that time, if the party shows excusable neglect." Thus, as correctly noted by Park Place, this rule allows the bankruptcy court, not the district court, to extend the time to file a notice of appeal. Freewood, however, did not file a motion under Rule 8002(d)(1) with the bankruptcy court. Bankruptcy Rule 9006(b)(1) permits a district court to enlarge the time for taking action under Rule 8002, but "only to the extent and under the conditions stated in that rule[]." Fed. R. Bankr. P. 9006(b)(3). Rule 9006(b)(1) provides:

[W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court *for cause shown* may at any time in its discretion (1) with or without motion or notice order the period enlarged *if the request therefor is made before the expiration of the period originally prescribed* or as extended by a previous order or (2) on motion made *after*

*the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.*

Fed. R. Bankr. P. 9006(b)(1) (emphasis added).

Here, Duncan and McGray did not file a notice of appeal or seek leave to file a notice of appeal by August 28, 2017, within fourteen days after the date that the bankruptcy court entered its Attorney's Fees Order on August 14, 2017, as required by Bankruptcy Rule 8002(1). While Freewood filed its original notice of appeal timely on August 28, 2017, and a First Amended Notice of Appeal on September 13, 2017,[3] it did not seek leave to amend its notice of appeal to add Duncan and McGray as appellants until September 18, 2017. As the motion for leave was filed twenty-one days after the time for filing a notice of appeal, the motion is timely for purposes of Bankruptcy Rule 8002(d)(1), but excusable neglect must be shown because the motion was filed within the time provided by subsection (B) of that rule. *See* Fed. R. Bankr. P. 8002(d)(1)(B); 9006(b)(1).

The seminal case defining excusable neglect is *Pioneer Investment Services Company*, which dealt with excusable neglect in the context of Bankruptcy Rule 9006(b)(1)*.* In *Pioneer*, the Supreme Court set forth the following factors for courts to consider in determining whether excusable neglect has been demonstrated: (1) danger of prejudice to the non-movant; (2) length of delay and its potential impact on the judicial proceedings; (3) the reason for the delay, including whether it was in the reasonable control of the movant; and (4) whether the movant acted in good faith. *Pioneer*, 507 U.S. at 395. Freewood focuses on the first two factors without addressing the third and fourth factors. Specifically, no explanation is provided for Duncan's and McGray's failure to file a notice

---

[3] Freewood's First Amended Notice of Appeal was filed without leave of court after the fourteen-day deadline for filing a notice of appeal; however, the only difference between it and Freewood's original notice of appeal is the signature block. *See* App. 1-4.

of appeal within the time allowed under Bankruptcy Rule 8002, and Freewood does not explain why Duncan and McGray could not have been named as appellants in its original notice of appeal, assuming that they are all represented by the same counsel. Moreover, the facts of this case leading up to Freewood's appeal of the Attorney's Fees Order, including Duncan's hasty decision to personally initiate the underlying bankruptcy proceeding without assistance of counsel on the same date a sanctions hearing was scheduled in the state court litigation; his conduct after filing the bankruptcy; and his knowing decision to not object to the sanctions imposed or Park Place's Motion for Attorney's Fees that led to the unopposed award of attorney's fees, all suggest that this appeal and the underlying bankruptcy proceeding were not filed in good faith but, instead, for the improper purpose of unnecessarily delaying the state court litigation.

The court also disagrees with Freewood's contention that the Fifth Circuit's opinions in *Lackey* and *Ramirez* excuse it, Duncan, or McGray from establishing excusable neglect. *Lackey* and *Ramirez* both dealt with an extension to file an amended notice of appeal under the Federal Rule of Appellate Procedure 3. In *Lackey*, the district court extended the plaintiffs' time for filing an amended notice of appeal under Rule 4(a)(5) "where the plaintiffs had used 'et al.' instead of listing all parties," based on its determination that "the original timely filed notice of appeal, although insufficient to invoke appellate jurisdiction, sufficed to put the parties on notice within the prescribed period." *Midwest Employers Cas. Co.*, 161 F.3d 877, 880 (citing and distinguishing *Lackey*, 990 F.2d at 206). On appeal, the defendants in *Lackey* argued that the district court erred in allowing the plaintiffs to amend their notice of appeal. *Id.* On appeal, the Fifth Circuit in *Lackey* noted that the Supreme Court in *Torres v. Oakland Scavenger Company*, 487 U.S. 312, 317-18 (1988), had rejected the contention that use of the phrase "et. al." was sufficient to provide the notice required by Federal

Rule of Appellate Procedure 3(c), and explained that "extensive authority exist[ed] for the proposition that naming 'plaintiffs' in the body of a notice of appeal is insufficient." *Lackey*, 990 F.2d at 206. The court in *Lackey*, nevertheless, affirmed the district court's decision to allow the plaintiffs to amend their notice of appeal, reasoning that the district court "could have properly found that the defendants were not prejudiced by the extension because they were already on notice, within the prescribed time period, that the plaintiffs were waging an appeal." *Id.*

Contrary to Freewood's contention, the *Lackey* court did not hold that the plaintiffs in that case were excused from establishing excusable neglect in seeking to amend their notice of appeal. The court, instead, concluded that "the district court did not abuse its discretion when it granted the plaintiffs an extension to amend their original timely notice of appeal" because it "could have properly found that the defendants were not prejudiced" by the requested extension in that they were already on notice, *within time prescribed for filing a notice of appeal*, that the plaintiffs were appealing. In this case, there is no indication whatsoever that Park Place was on notice, within the time for filing a notice of appeal, that Duncan and McGray intended to appeal the bankruptcy court's order awarding Park Place attorney's fees. There is no reference to Duncan or McGray in either of Freewood's notices of appeal and no indication that any party other than Freewood was appealing the bankruptcy court's Attorney's Fees Order. Instead, both of the notices of appeal filed by Freewood on August 28, 2017, and September 7, 2017, refer only to Freewood as the appellant and Park Place as the appellee—(1) "[i]dentify the appellant: Freewood Group, LLC., which in this case is the Debtor"; (2) [i]dentify the other parties to this appeal: Park Place Motorcars, Ltd."—and both are signed by counsel as "Attorneys for Debtor." App. 1-4. Further, given that none of the Duncan Defendants appealed the May 11, 2017 order (App. 79) in which the bankruptcy court concluded that

Park Place is "entitled to an award of sanctions against the Duncan Defendants, including attorneys' fees and costs, in an amount to be determined following Park Place's written submission upon twenty-one (21) days negative notice, detailing the amounts requested," App. 81, and did not respond Park Place's Motion for Attorney's Fees or object to the amount of attorney's fees sought it, Park Place would have had no reason to believe, within the time for filing a notice of appeal, that any of the Duncan Defendants was appealing the Attorney's Fees Order.[4]

Freewood's reliance on *Ramirez* is similarly misguided. In *Ramirez*, the defendant timely appealed and sought to amend his notice of appeal to designate an order not previously identified in the original notice of appeal, not to add appellants who were not identified in the Ramirez's original notice of appeal, and Ramirez's motion to correct or amend his notice of appeal was not opposed. *Ramirez*, 932 F.2d at 375-76. As explained by the court in *Ramirez*, the requirement that a notice of appeal specify the parties appealing is jurisdictional and construed strictly, whereas the requirement that a notice of appeal designate the order or judgment being appealed is construed more broadly. *Id.* at 375 (citations omitted). While the Fifth Circuit in *In re Case* concluded that the specificity requirement in *Torres* applicable to Federal Rule of Appellate Procedure 3 is "inapplicable to a notice of appeal from a bankruptcy court judgment or order," it makes clear that the jurisdictional requirement that a notice of appeal contain the names of all appealing parties is no less applicable in the bankruptcy context. 937 F.2d 1014, 1020 (5th Cir. 1991) ("Rule 8001 requires . . . that the notices 'contain' the names of all parties and their attorneys. . . . We give the term 'parties' as used

---

[4] Freewood notes in its Motion to Amend that it, Duncan, and McGray "intend to file soon a Rule 60 motion directed to the original May 12, 2017 order on motion to vacate [that] imposed the sanctions and invited Park Place to tender evidence of attorney's fees." Freewood Mot. to Amend 3, n.1. This notice provided by Freewood's September 18, 2017 Motion to Amend and any Rule 60 motion filed after this date, however, could not have put Park Place on notice, *during the preceding fourteen-day period for filing a notice of appeal*, that Duncan or McGray intended to appeal the Attorney's Fees Order.

in Rule 8001 its ordinary and plain meaning. Rule 8001 uses the term 'parties' to refer to the litigants involved in the particular judgment.").

Another important distinction between *Lackey* and *Ramirez* and this case is that *Lackey* and *Ramirez* both involved appeals from a district court's decision to grant extensions to amend notices of appeal, which were reviewed under an abuse of discretion standard. As explained by the Fifth Circuit in *Midwest*, appellate courts "often give more leeway to a district court's decision to grant an extension than they give to a district court's refusal to do so." *Midwest Employers Cas. Co.*, 161 F.3d at 879. Accordingly, the affirmance of the orders in those cases does not necessarily support Freewood's contention that it is relieved from establishing excusable neglect or that its Motion for Extension of Time to File Amended Notice of Appeal to add Duncan and McGray as appellants should be judged under a more lenient standard. Thus, even assuming that Freewood or its attorney has authority to seek relief on behalf of Duncan or McGray in this case, the court determines that consideration of the *Pioneer* factors do not weigh in favor of a finding of excusable neglect, and that Freewood's motion should be and will be denied for failure to establish excusable neglect for Duncan's and McGray's failure to file timely a notice of appeal or, alternatively, for Freewood's failure to include Duncan and McGray as appellants in its original notice of appeal.

**B.** **Freewood's Request for an Extension to File its Appellate Brief (Doc. 5) and Park Place's Objection and Motion to Dismiss Appeal as Frivolous (Doc. 9)**

In its Motion for Extension of Time to File Appellant's Brief (Motion for Extension"), filed October 30, 2017, Freewood requests an extension from October 30, 2017, to November 3, 2017, to file its appellate brief, pursuant to Bankruptcy Rule 8018(a)(1). Freewood asserts that the requested extension is needed because its attorneys "were engaged in preparing for a hearing on Park Place Motorcars' motion for contempt in the underlying [bankruptcy] case, cause no. 17-30589-SGJ-

7, which was held October 24, 2017," and drafting a response to a motion to dismiss due on October 27, 2017, in another case. Freewood contends that Park Place will not be prejudiced by the four-day extension. On November 3, 2017, before briefing on the motion was complete, Freewood filed its appellate brief.

Park Place objects to the requested extension and moves to dismiss Freewood's appeal as frivolous. Park Place's attorney asserts that it is not his normal practice to object to a request for extension of time or seek dismissal of an appeal as frivolous, "but the circumstances of this appeal fall well outside the norm." Park Place Resp. to Mot. for Extension 2. Park Place contends that "this is the rare case in which the Court should deny Freewood's request for extension of time and dismiss this appeal" because:

> [t]he appeal by Freewood, an entity whose sole member and manager is the admitted felon Greg Duncan, marks this Honorable District Court as the third judicial forum Duncan and Freewood seek to abuse. This appeal followed Duncan and Freewood (i) deceiving Freewood's bankruptcy counsel into initiating the bankruptcy filing to help Duncan stop a trial in the 116th Judicial District, Dallas County, Texas (the "*State Court Action*"), (ii) consenting in open Court to a finding by Judge Jernigan that the Free[]wood bankruptcy filing and Duncan's removal of the State Court Action w[ere] in bad faith . . . , and (iii) waiving any opposition to Park Place's attorney's fees request and allowing Judge Jernigan to enter an Order imposing monetary sanctions. The arguments presented by Freewood are fatuous and in bad faith, and the facts presented are lacking in candor. Now on approximately his twentieth lawyer, Duncan has but one transparent purpose – causing unwarranted delay and legal expense while Duncan tries to hide millions in ill-gotten gains purportedly transferred earlier this year to his so-called "ex-wife."

Park Place Resp. 2 to Mot. for Extension. Park Place contends that the sanctions order, in which Freewood's bankruptcy proceeding was found to have been filed in bad faith, was a final, nonappealable order because, during the May 1, 2017 hearing, Duncan, who was accompanied by counsel, declined to take the stand to offer any defense of his conduct after conferring with his counsel and, through counsel, Duncan and Freewood agreed to the following remedy proposed by

the bankruptcy court: to dismiss with prejudice Freewood's bankruptcy; remand the adversary proceeding with conditions to prevent removal prior to resolution of the state court litigation; impose sanctions in the form of attorney's fees against the Duncan Defendants; and retain jurisdiction to determine the amount of attorney's fees to be awarded. Park Place asserts that Freewood waived any objection to its request for attorney's fees by failing to file a response in opposition to its Motion for Attorney's Fees, which was filed on "negative notice" in accordance with the bankruptcy court's instructions; that Freewood never sought a stay of the Attorney's Fees Order pending appeal or claimed any prejudice, yet Duncan and McGray have failed to pay the attorney's fees ordered and have asserted an "inability to pay" defense in response to a motion for civil contempt filed by Park Place in the bankruptcy court; that Freewood failed to file timely its appellate brief; and that such defense is a scam, as Duncan has transferred millions of his net worth to his wife since 2013.

Park Place, therefore, contends that dismissal of this appeal is appropriate under Bankruptcy Rule 8018(a)(4) for Freewood's bad faith appeal of the Attorney's Fees Order and failure to file timely its appellate brief. According to Park Place, "[t]his appeal is yet another layer in the Duncan Defendants' continuing abuse of the judicial system and such conduct should not be rewarded by this Court"; that Freewood's lateness is unjustified; and that dismissal is warranted, given the Duncan Defendants' pattern of "obstinately dilatory conduct." Park Place Resp. to Mot. for Extension 6 (quoting *In re CPDC, Inc*., 221 F.3d 693, 699 (5th Cir. 2000)). Finally, Park Place contends that Freewood's argument that Park Place will not be prejudiced because it can collect on the attorney's fees awarded as a sanction "rings hollow" given its "inability to pay" defense asserted in the bankruptcy proceeding. Park Place Resp. to Mot. for Extension 6.

Under Bankruptcy Rule 8018(a)(1), "[t]he appellant must serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically." The bankruptcy record transmission notice was filed with the court on September 28, 2017, making Freewood's appellate brief due on October 30, 2017. Because Freewood sought a four-day extension of this deadline on October 30, 2017, before expiration of its deadline under rule 8018(a)(1), it need not establish excusable neglect. *See* Fed. R. Bankr. P. 9006(b)(1).

That the extension was allegedly needed to prepare for a contempt hearing held as a result of Duncan's and McGray's failure to comply with the bankruptcy court's order compelling the Duncan Defendants to pay Park Place $33,245.25 in attorney's fees as a sanction for the bad faith filing of Freewood's bankruptcy case does not cast a good light on the Duncan Defendants or Freewood's requested extension that is attributable to Duncan's and McGray's conduct. The court, nevertheless, determines that Park Place will not be prejudiced if Freewood is granted a four-day extension to file its appellate brief because, while Park Place contends that it will be prejudiced given Duncan and McGray's "inability to pay" defense to its motion for contempt, the docket in the bankruptcy proceeding indicates that this issue was resolved by the bankruptcy court in Park Place's favor. Specifically, the bankruptcy court entered an order on November 30, 2017, granting Park Place's motion to hold Duncan and McGray in contempt and ordered Duncan and McGray to either pay Park Place $33,245.25 by 4 p.m. on November 30, 2017, or deposit an amount totaling $40,144.30 into the court's registry. The bankruptcy court further ordered that the amount deposited would be paid immediately to Park Place upon resolution of this appeal, unless the Attorney's Fees Order was reversed by this court. It is also apparent from the bankruptcy court's May 11, 2017 sanctions order that the state court action was remanded as a result of that order such that the four-

day extension requested by Freewood in this appeal will not delay the state court litigation if granted. Moreover, the length of extension requested by Freewood is brief.[5]

Thus, although the court agrees that there is abundant support for the bankruptcy court's bad faith finding and May 11, 2017 sanctions order, which was not appealed and is not the subject of this appeal, it will grant Appellant's Motion for Extension of Time to File Appellant's Brief (Doc. 5) such that Freewood's appellate brief (Doc. 7), filed November 3, 2017, will be deemed filed timely. As this ruling moots Park Place's objection and motion to dismiss, the court will overrule and deny as moot Park Place's objection and motion to dismiss (Doc. 9).

### C.    Appeal of Order Granting Park Place's Motion for Attorney's Fees

Freewood asserts that it "does not dispute that the [bankruptcy court has the authority to award attorneys' fees as sanctions for bad faith to deter such actions in the future" but "its discretion in awarding attorney's fees is not unlimited," and "any such award of attorneys' fees should be subject to the lodestar calculation." Freewood Br. 7 (Doc. 7). Freewood contends, based on the following reasoning, that the bankruptcy court abused its discretion in this case by awarding the entire amount of fees requested by Park Place without conducting a lodestar analysis to determine if the fees sought were reasonable and necessary:

> The Fifth Circuit adopted the "lodestar" in determining the amount to be awarded as attorneys' fees. The calculations of the lodestar in assessing attorneys' fees require that those fees be reasonable and necessary, and that the calculation thereof

---

[5] A district court may take judicial notice of bankruptcy court records and facts that "cannot reasonably be questioned" in deciding a bankruptcy appeal. *In re Base Holdings, LLC*, No. 3:13-CV-1584-D, 2014 WL 895403, at *1 n.5 (N.D. Tex. Mar. 5, 2014) (citations omitted); *In re Royce Homes LP*, 466 B.R. 81, 91 n.2 (S.D. Tex. 2012) (citations omitted); *Huddleston v. Nelson Bunker Hunt Tr. Estate*, 102 B.R. 71, 73 n.2 (N.D. Tex. 1989) (citing *Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970), for the proposition that a district court may judicially notice its own files and records).

is the number of hours expended by the prevailing party, multiplied by the prevailing rate in the community for similar work.

The Fifth Circuit has traditionally used the lodestar method to calculate "reasonable" attorneys' fees under § 330. *In re Fender*, 12 F.3d 480, 487 (5th Cir. 1994). A court computes the lodestar by multiplying the number of hours an attorney would reasonably spend for the same type of work by the prevailing hourly rate in the community. *Shipes v. Trinity Indus.*, 987 F.2d 311, 319 (5th Cir. 1993). A court then may adjust the lodestar or down based on the factors contained in § 330 and its consideration of the twelve factors listed in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974), *abrogated on other grounds*, 489 U.S. 87 (1989). *See Fender*, 12 F.3d at 487. While the bankruptcy court has considerable discretion in applying these factors, *In re First Colonial Corp. of America*, 544 F.2d 1291, 1298 (5th Cir. 1977), it must explain the weight given to each factor that it considers and how each factor affects its award. *Fender*, 12 F.3d at 487; *In re Evangeline Refining Co.*, 890 F.2d 1312, 1327-1328 (5th Cir. 1989). ("If a court awards fees but fails to explain why compensation was awarded at the level it was given, it is difficult, if not impossible, for an appellate court to engage in meaningful review of a fee award.").

In this case, counsel for Appellees filed a Declaration that stated the attorneys' fees requested were reasonable and necessary. The total amount of hours expended is nowhere to be found, nor is the hourly rate for each partner or associate attorney working on the case. Further, *while the standards for awarding fees to professionals does not include the award of attorneys' fees in a sanctions case, Appellant asserts that those considerations should have been included in the court's award of attorneys' fees to Appellees in this matter as set forth pursuant to 11 U.S.C. 330. The Declaration in this case lacks information sufficient to allow meaningful review by this Court.*

Freewood Br. 7-10 (emphasis added).  Freewood, therefore, contends that the bankruptcy court's order awarding Park Place attorney's fees as a sanction for its bad faith conduct should be vacated and remanded to the bankruptcy court for further proceedings.

Park Place responds that Freewood waived its argument regarding the amount of attorney's fees awarded as a sanction by the bankruptcy court by failing to respond to Park Place's Motion for Attorney's Fees and object to the amount sought.  In support of its waiver argument, Park Place asserts as follows:

On May 1, 2017, the Court held a hearing which a representative of Freewood and its counsel attended. *See* Appendix, Vol. 2 at 000153, Transcript of May 1, 2017 Hearing at p. 27, ll: 12-13. After conferring with Freewood's counsel, Freewood's representative, Greg A. Duncan, declined the Bankruptcy Court's invitation to take the stand and offer any defense of his actions. *See* Appendix, Vol. 2 at 000158-159, Transcript of May 1, 2017 Hearing at p. 32, ll: 16-22 and p. 33, ll: 1-7. Through counsel, Freewood consented to the relief the Court stated it was going to grant, i.e. dismissal of the bankruptcy with prejudice, remand of the adversary proceeding with prejudice, and sanctions in the form of attorneys' fees. *Id.* The Bankruptcy Court then entered an order imposing sanctions against Freewood, Duncan and an affiliated entity, the McCray Group, LLC, for bad faith. *See* Appendix, Vol. 2 at 000079, May 12, 2017 Order [Bankruptcy Case Docket No. 17]. The Bankruptcy Court retained jurisdiction to determine the amount of an attorneys' fees award and directed that any motion for attorneys' fees be filed and set based on a negative notice procedure. *Id.*

Appellee filed its motion for attorneys' fees as sanctions (the "Sanctions Motion") on June 23, 2017. *See* Appendix, Vol. 2 at 000182, Motion for Attorneys' Fees [Bankruptcy Case Docket No. 21]. The Sanctions Motion properly included negative notice and set a deadline to file an objection no less than 24 days from filing. *Id.*

Freewood did not object or file any response to the Sanctions Motion. The Bankruptcy Court granted the Sanctions Motion on August 14, 2017 (the "Sanctions Order"). *See* Appendix, MiniRecord, Vol. 1 at 000005, August 14, 2017 Order [Bankruptcy Case Docket No. 23].

Despite choosing to waive any objection to the Sanctions Motion, Freewood filed this appeal. *See* Appendix, MiniRecord, Vol. 1 at 000003, Notice of Appeal [Bankruptcy Case Docket No. 24].

Park Place Br. 3-4.

Park Place further asserts that "the Bankruptcy Court [was not] required to consider the Lodestar Analysis in imposing sanctions against Freewood in the form of attorneys' fees" because "[a] sanctions award is not subject to the reasonableness requirement dictated by other bases for awarding attorneys' fees, such as Section 330 of the Bankruptcy Code or Rules 11 and 37 of the Federal Rules of Civil Procedure." Park Place Br. 8 (citing *Wells Fargo Home Mortg. v. Rodriguez*, Case No. 2012 WL 393319, n. 27 (Dist. W.D. La. 2012)). According to Park Place, the amount of attorney's fees awarded as a sanction must, instead, relate to the purpose of the sanctions. Park Place

Br. 8 (citing *F.D.I.C. v. Maxxam, Inc.*, 523 F.3d 566, 595 (5th Cir. 2008)). Park Place asserts that, in this case, the bankruptcy court awarded attorney's fees to compensate it and deter the Duncan Defendants for a period of time from filing for bankruptcy and removing the state court litigation again in bad faith. Park Place contends that section 330 of the Bankruptcy Code referenced by Freewood is inapplicable, as it applies to professionals employed to assist the bankruptcy estate, whereas, Park Place was not the debtor in the underlying bankruptcy case; Park Place's attorneys were not employed to assist the bankruptcy estate; and the bankruptcy court did not award attorney's fees to it under section 330 but, instead, as sanctions for the Duncan Defendants' bad faith conduct.

In this circuit, it is well established that, in a bankruptcy appeal, a district court cannot consider issues and arguments that were not initially presented to the bankruptcy court. *See Barron v. Countryman*, 432 F.3d 590, 594 n.2 (5th Cir. 2005); *In re Ginther*, 238 F.3d 686, 689 (5th Cir. 2001); *In re Fairchild Aircraft Corp.*, 6 F.3d 1119, 1128 (5th Cir. 1993); *In re Gilchrist*, 891 F.2d 559, 561 (5th Cir. 1990); *In re Moody*, 849 F.2d 902, 905 (5th Cir. 1988). "To preserve an argument, it 'must be raised to such a degree that the trial court may rule on it.'" *XL Specialty Ins. Co. v. Kiewit Offshore Servs., Ltd.*, 513 F.3d 146, 153 (5th Cir. 2008) (quoting *In re Fairchild Aircraft Corp.*, 6 F.3d at 1128)); *see also Vogel v. Veneman*, 276 F.3d 729, 733 (5th Cir. 2002).

In this case, the record establishes, and Freewood does not dispute, that it did not file a response in opposition to Park Place's Motion for Attorney's Fees and did not object to the amount of attorney's fees sought by Park Place. Moreover, Duncan, who owns or controls Freewood and McGray, attended the sanctions hearing held on May 1, 2017, was accompanied by counsel, and agreed during that hearing to the entry of the sanctions order. Although no specific amount of attorney's fees was discussed during that hearing or addressed in the sanctions order, the bankruptcy

court directed Park Place during the hearing to file its Motion for Attorney's Fees on "negative notice" and advised that, if no objections to the motion were made, it would grant the motion without conducting a hearing. In accordance with Local Bankruptcy Rule 9007-1, the first page of Park Place's Motion for Attorney's Fees also states in bold and all caps as follows:

> **NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED . . . BEFORE THE CLOSE OF BUSINESS ON JULY 17, 2017, WHICH IS AT LEAST 24 DAYS FROM THE DATE OF SERVICE . . . IF NO HEARING ON NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

App. 82.

Further, to apply the lodestar method in this case, the bankruptcy court would have had to calculate the number of hours reasonably expended by Park Place's attorneys and multiply that number by a reasonably hourly rate. Freewood contends that the declaration submitted by Park Place in support of its Motion for Attorney's Fees does not contain sufficient information from which the bankruptcy court could have made the foregoing calculation because it does not specify the total amount of hours expended or the hourly rate for each attorney. It is readily apparent, however, based on only a quick glance at the declaration and supporting documentation, that this information is lacking and the billing records are heavily redacted, which is all the more reason this issue could have been raised and presented to the bankruptcy court in response to Park Place's Motion for Attorney's Fees, rather than on appeal for the first time. Because its lodestar argument was not presented to the bankruptcy court, the court determines that Freewood waived any appeal of the Attorney's Fees Order based on this issue. Accordingly, the court will affirm the bankruptcy court's August 13, 2017 Order Granting Park Place's Motion for Attorney's Fees and need not address the

parties' remaining contentions as to whether the lodestar method or section 330 of the Bankruptcy Code apply to the attorney's fees awarded by the bankruptcy court as a sanction against the Duncan Defendants.

## IV.    Conclusion

For the reasons herein explained, the court **grants** Appellant's Motion for Extension of Time to File Appellant's Brief (Doc. 5) such that its brief filed November 3, 2017 (Doc. 7) is deemed timely filed; **overrules as moot** Park Place's Objection to Freewood's Request for Extension of Time to File Brief and **denies as moot** Park Place's Motion to Dismiss Appeal (Doc. 9); **denies** Appellant's Motion for Extension of Time to File Amended Notice of Appeal (Doc. 2); **affirms** the bankruptcy court's August 13, 2017 Order Granting Park Place's Motion for Attorney's Fees; and **dismisses with prejudice** this appeal. The clerk of court is **directed** to prepare, sign, and enter judgment in accordance with this Memorandum Opinion and Order pursuant to Rule 8016(a) of the Federal Rules of Bankruptcy Procedure.

**It is so ordered** this 22nd day of August, 2018.


Sam A. Lindsay
United States District Judge